## CHILCUTT et al. v. UNITED STATES et al.
### No. 262.

District Court, E. D. Kentucky.

Jan. 28, 1946.

C. R. Luker, of London, Ky., for plaintiffs.

Claude P. Stephens, U. S. Atty., and Robert M. Stephenson, Asst. U. S. Atty., both of Lexington, Ky., and Ralph S. Boyd, Atty. for Dept. of Justice, of Washington D. C., for the United States.

FORD, District Judge.

Claiming to be the owners and in possession of a described tract of land located in Laurel County, Kentucky, the plaintiffs allege " * * * that the defendants, United States of America and Watts, Incorporated, are now and have been setting up claims to the surface of said land, including the timber thereon, and have within the two years next before the filing of this petition and on divers other days during that time, through and by their duly authorized agents and servants unlawfully, wilfully and forcibly entered on said land and then and there cut down and carried away, and have cut into lumber and sold and converted to their own use and benefit divers trees growing on said land * * *," and have committed thereon other depreda-

tions to the plaintiffs' damage in the sum of Five Thousand Dollars ($5,000). Asserting the right to maintain this action under the Tucker Act, 28 U.S.C.A. § 41 (20), plaintiffs pray that their title to the land be quieted and for judgment in the sum of Five Thousand Dollars ($5,000) and costs.

It appears from the record that the defendant, Watts, Incorporated, is not before the Court by summons or otherwise.

Upon the application of the defendant, United States of America, the first six defenses set out in its answer are submitted for preliminary hearing and determination under Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that: "The defenses specifically enumerated (1)–(6) in subdivision (b) of this rule, whether made in pleading or by motion * * * shall be heard and determined before trial on application of any party * * *."

The "First Defense" raising a question as to the venue of the action has been expressly waived.

■ The "Second Defense," asserting misjoinder of parties defendant, is not ground for dismissal of the action for the reason that the misjoined defendant is not indispensable and, under Rule 21, may be dropped by order of the Court at any stage of the action.

■ The "Third Defense" that the United States has not consented to submit to suit to quiet title against it, although clearly a good defense to the part of plaintiffs' claim to which it relates, United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90, United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058, this part of the claim may be dismissed or ignored as surplusage without affecting the remainder.

■ The "Fifth Defense" affirmatively pleading the statute of limitations is not one of the defenses enumerated in subdivision (b) of Rule 12 and therefore is not open for preliminary determination under the rule.

Thus we have left for preliminary consideration only the following defenses:

"Fourth Defense. The action is not within the jurisdiction of this Court because it sounds in tort."

"Sixth Defense. The complaint fails to state a claim against this defendant upon which relief can be granted."

The allegation of the petition that the appropriation of plaintiffs' timber from the lands in question and other acts damaging to the land were committed by the authorized agents of the Government under claim of right and ownership of the surface of the lands, including the timber thereon, is fatal to plaintiffs' claim for the reason that it negatives the idea of the existence of a contract, express or implied, which is the only basis for the maintenance of a suit against the United States under the Tucker Act. It is the distinguishing mark which differentiates this case from one for recovery on account of the authorized taking for public use of private property to which the Government asserted no claim of title, compensation for which is recoverable under the Tucker Act. United States v. Great Falls Mfg. Co., 112 U.S. 645, 656, 5 S.Ct. 306, 28 L. Ed. 846.

The law applicable and controlling in this case is thus stated in Tempel v. United States, 248 U.S. 121, 129, 130, 39 S.Ct. 56, 59, 63 L.Ed. 162:

"If the plaintiff can recover, it must be upon an implied contract. For, under the Tucker Act, the consent of the United States to be sued is (so far as here material) limited to claims founded 'upon any contract, express or implied'; and a remedy for claims sounding in tort is expressly denied. Bigby v. United States, 188 U. S. 400, 23 S.Ct. 468, 47 L.Ed. 519; Hijo v. United States, 194 U.S. 315, 323, 24 S.Ct. 727, 48 L.Ed. 994. As stated in United States v. Lynah, 188 U.S. 445, 462, 465, 23 S.Ct. 349, 354, 47 L.Ed. 539: 'The law will imply a promise to make the required compensation, where property to which the government asserts no title, is taken, pursuant to an act of Congress, as private property to be applied for public uses.' * * *

"The mere fact that the government then claimed and now claims title in itself and that it denies title in the plaintiff, prevents the court from assuming jurisdiction of the controversy. The law cannot imply a promise by the government to pay for a right over, or interest in, land, which right or interest the government claimed and claims it possessed before it utilized the same. If the government's claim is unfounded, a property right of plaintiff was violated; but the cause of action therefor, if any, is one sounding in tort; and for such, the Tucker Act affords no remedy."

The Court therefore is without power or authority to adjudicate plaintiffs' claim, as presently presented.

An order will be entered in conformity herewith without precluding, however, the plaintiffs' right to amend the petition within twenty (20) days from February 1, 1946, in default of which the action will be dismissed for want of jurisdiction.